UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

    Plaintiff,

                                                                 CASE NO. 17-20740
v.                                                    HON. GERSHWIN A. DRAIN

D-12 ANTONIO LANGSTON,

    Defendant.

_____/

## OPINION AND ORDER SUSTAINING DEFENDANT'S OBJECTION TO SENTENCE [#637] AND SETTING RE-SENTENCING HEARING FOR MAY 13, 2020 AT 10:00 A.M.

### I. INTRODUCTION

On December 19, 2019, Defendant Antonio Langston was sentenced to 96 months imprisonment, to run concurrently to the sentence imposed in his state court case for armed robbery and felony firearm. At sentencing, Defendant objected to the Court's application of U.S.S.G. § 5G1.3(b) because the Court failed to adjust Defendant's sentence by the 78 months he had already served on his state sentence. The Court ordered the parties to submit briefing on the issue. Upon review of the parties' briefing and the case law, the Court will sustain Defendant's objection and will schedule a re-sentencing hearing for May 13, 2020.

## II. FACTUAL BACKGROUND

On November 1, 2017, Defendant was named in an eleven count Indictment charging him with RICO conspiracy in violation of 18 U.S.C. § 1962(d). On December 11, 2017, Defendant came into federal custody by way of writ. At that time, he was serving a five to twenty-year state sentence on an armed robbery conviction, as well as a two-year term of imprisonment on a state felony firearm charge that was to run consecutive to the sentence on the armed robbery conviction.

On July 19, 2019, Defendant entered a plea of guilty to RICO conspiracy charged in the Third Superseding Indictment. The conduct involved in Defendant's state convictions for armed robbery and felony firearm is relevant conduct to Defendant's RICO offense. On December 19, 2019, the Court sentenced Defendant to 96 months-imprisonment, to run concurrently to his state sentence on the armed robbery and felony firearm convictions. The Court's judgment states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
>
> 96 months to run concurrently to any sentence imposed on Docket number 13-005700-01-FC out of the State of Michigan, including any parole violation sentence. The sentence shall be adjusted in accordance with 5g1.3b for the period of time he spent on writ (December 11, 2017 – December 19, 2019), the adjustment should include the good time conduct that would have been earned on the 96 term.

ECF No. 612, PageID.3435.

## III. LAW & ANALYSIS

Defendant objects to this Court's sentence and judgment arguing this Court failed to accurately apply U.S.S.G § 5G1.3(b). Defendant maintains that under § 5G1.3(b), the Court was required to adjust Defendant's 96-month sentence to account for the entire 78 months he was in MDOC custody, once the Court concluded the federal sentence was to run concurrent to the state sentence. Instead, this Court's sentence and judgment only accounted for the 24 months that Defendant had been on the writ.

Specifically, U.S.S.G. § 5G1.3(b) states:

**§ 5G1.3. Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment**

    *        *        *

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence of the instant offense shall be imposed as follows:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> (2) The sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

3

U.S.S.G. § 5G1.3. The application notes to § 5G1.3(b) further indicate that this section "applies in cases in which all of the prior offense is relevant conduct to the instant offense[.]" U.S.S.G. § 5G1.3, App. Note 2(A); *see also Witte v. United States*, 515 U.S. 389, 405 (1995) (noting that the Guidelines "contemplate the possibility of separate prosecutions involving the same or overlapping 'relevant conduct'" and that "§5G1.3 [] attempts to achieve some coordination of sentences imposed in such situations with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time.").

Defendant relies on *United States v. Griffin* and argues his case is directly on point with the circumstances in that case. 63 F. App'x 798, 802 (6th Cir. 2003) (concluding that "once a court decides that the federal and undischarged state sentences are to run concurrently, it must grant a [§5G1.3(b)] sentencing credit" requiring the court to "*adjust the sentence for any period of imprisonment already served* as a result of the conduct taken into account in determining the guideline range for the instant offense.")(emphasis added); *see also United States v. Lane*, 509 F.3d 771, 775 (6th Cir. 2007) (citing to § 5G1.3(b) and finding "the sentencing guidelines state that the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment [.]").

On plain error review, the *Griffin* court reversed the district court for its "failure to grant Appellant sentencing credit" under § 5G1.3(b). *Griffin,* 63 F. App'x at 801. The *Griffin* defendant was serving a 3-year state sentence for criminal enterprise following an arrest and search uncovering 214.5 pounds of marijuana when he was charged in federal court with conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). *Id*. at 799. The district court sentenced Griffin to "five years of imprisonment, to run concurrently with his state sentence." *Id*. at 800.

In reversing the district court, the *Griffin* court noted that sentencing courts must follow the commentary to § 5G1.3 which "explicitly provides that because the state and federal charges resulted from the same conduct, the district court was required to grant sentencing credit" for the time already served on the state sentence *Id*. at 802.

> Here, then, the district court committed plain error when, after deciding that Appellant's state and federal sentences would run concurrently, it did not credit Appellant's five-year federal sentence with the two and a half years that he had already served on his undischarged state term.

*Id.* The *Griffin* court remanded the matter for the district court to determine whether the Bureau of Prisons would have applied sentencing credit under § 3585(b). *Id*. at 803.

The Government's response and the authority it provides therein are inapplicable to the issue before this Court. The Government appears to be conflating the Bureau of Prisons' limited authority to credit Defendant's federal sentence for time in prior custody under 18 U.S.C. § 3585(b), and this Court's application of the guidelines at sentencing. *See Myles v. United States*, 188 F.3d 508 (6th Cir. 1999)[1](unpublished) (relying on 18 U.S.C. § 3585 to reject the petitioner's argument that the Bureau of Prisons improperly denied credit for his state sentence); *see also Garrett v. Snyder*, 41 F. App'x 756, 757 (6th Cir. 2002)[2] (concluding that the petitioner was not entitled to "credit toward his federal sentence for the time that he spent in state custody prior to the imposition of his federal sentence" under § 3585). These cases address the Bureau's authority to credit Defendant's federal sentence with his prior custody under 18 U.S.C. § 3585. None of the Government's cases address the sentencing court's obligations with respect to U.S.S.G. § 5G1.3(b) and its application notes when imposing sentence. The Government's reliance on this authority is therefore misplaced.

Here, the Sentencing Guidelines expressly provide through § 5G1.3(b) and its application notes that when the federal offense is based on the same conduct

---

[1] The *Myles* court did not resolve the petitioner's § 5G1.3(b) claim alleging district court error for failure to consider his state sentence when imposing sentence, concluding the *Myles* petitioner should have raised his claims in a § 2255 petition and not a § 2241 petition.

[2] The *Garrett* court likewise failed to address the petitioner's § 5G1.3 sentencing error claim.

underlying the undischarged state sentence, and the sentencing court imposes a concurrent sentence, it must also adjust the sentence to account for the period of time already served on the state sentence. *See* U.S.S.G. § 5G1.3(b); *see also Griffin*, 63 F. App'x at 802 ("There is nothing discretionary in the language of Application Note 2[, …] once a court decides that the federal and undischarged state sentences are to run concurrently, it must grant a defendant a sentencing credit" for the time "already served on the undischarged state term."). "The purpose of § 5G1.3 is to 'mitigate the possibility that the fortuity of two separate prosecutions will grossly increase the defendant's sentence.'" *Griffin*, 63 F. App'x at 803 (quoting *United States v. Caraballo*, 200 F.3d 20, 27 (1st Cir. 1999) (quoting *Witte*, 515 U.S. at 405)).

On the date of sentencing, Defendant had already served 78 months of his state sentence for armed robbery and felony firearm. These offenses are relevant conduct for purposes of determining Defendant's base offense level for Defendant's RICO offense. As such, this Court should have "adjust[ed] the sentence for any period of imprisonment already served" on the state armed robbery and felony firearm sentence consistent with U.S.S.G. § 5G1.3(b) and *Griffin*.

Finally, Defendant argues that the judgment of conviction is ambiguous because it is not clear whether the Court intended to impose a 72-month sentence

(96 months minus the 24 months spent on the writ), or if the 96-month sentence already factored in the 24 months spent on the writ (120-month sentence minus the 24 months on the writ). Defendant asserts that he will be at risk of not receiving proper jail credit from the Bureau if the Court does not enter a corrected Judgment.

Defendant's argument is moot. The Court will need to re-sentence Defendant and enter an amended judgment consistent with § 5G1.3(b) and its application notes, which require that the Court "note on the Judgment. . . (i) the applicable subsection (*e.g.,* §5G1.3(b), (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) that the sentence imposed is a sentence reduction pursuant to § 5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons." U.S.S.G. § 5G1.3, App. Note 2.(C).

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Objection to Sentence [#637] is SUSTAINED. The Court shall conduct a re-sentencing hearing on <u>May 13, 2020 at 10:00 a.m</u>. The parties may submit sentencing memoranda <u>no later than May 4, 2020</u>.

SO ORDERED.

Dated: April 13, 2020  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 13, 2020, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager